Filed 9/15/20  P. v. Soto CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRAULIO SOTO,<br><br>    Defendant and Appellant. | D076761<br><br><br>(Super. Ct. No. SCD276830) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellate counsel has filed a lengthy, detailed factual background of this case.  Briefly summarizing, on May 16, 2018, defendant was charged in a 24-count complaint alleging sex offenses against his girlfriend's two minor children, O.O., a male, and K.O., a female.

A preliminary hearing was held on February 8, 2019. Based on the testimony elicited there, the prosecution increased the charges to 67 counts in an amended complaint: 39 counts involved O.O. and 28 counts involved K.O.. Defendant was ordered bound over on all 67 counts.

On June 11, 2019, an information was amended to charge 33 counts involving O.O. covering the time period when he was between 10 through 15 years old, and 34 counts involving K.O. covering the time period when she was 6 through 12 years old. The factual allegations need not be set forth.

On July 11, 2019, defendant entered a plea of guilty to 11 counts: six counts involved minor O.O. (counts 6, 12, 15, 16, 18, and 32), and five counts involved minor K.O. (counts 54, 57, 60, 63, 64). The stipulated terms of the plea bargain provided for 50 years to life for counts 15 and 64 (consecutive terms of 25 years to life) and concurrent and stayed terms on the remaining nine counts (6, 12, 16, 18, 32, 54, 57, 60 and 63) At pages 7–13 of his brief, appellate counsel thoroughly sets forth the factual basis of each count, and we need not repeat them here.

After applying for and receiving a certificate of probable cause, defendant filed a timely notice of appeal.

ANALYSIS

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* ((1967) 386 U.S. 738 (*Anders*). We offered defendant the opportunity to file his own brief on appeal, but he has not responded.

Appellate counsel indicates he has not been able to identify any arguable issues for reversal on appeal. Counsel asks this court to review the full record for error. To assist the court for purposes of an *Anders* review, he directs our attention to whether, based mainly on his age, defendant received

a benefit in exchange for his plea of guilty.  Counsel points out that under current law (§ 3055, subd. (a)), defendant will be eligible for parole in 2042 because he will then be 60 years old and will have served 25 years in custody. Based on our review, defendant did receive a benefit.  When he entered the plea, defendant was faced with 67 counts of serious sex offenses against children; that 56 of those counts were dismissed; and sentence was stayed or run concurrently on all but two counts.  We cannot predict what changes may be made in the law between now and 2042.

We have examined the record and conclude there are no arguable issues on appeal that would result in reversal or modification.

Defendant has been represented by competent counsel on appeal.

### DISPOSITION

The judgment is affirmed.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.